Good morning, may it please the Court, Attorney Michael Roy on behalf of Appellant Larry Doss. The question in this case is pretty simple. Does touching a buttocks over the clothes without consent count as a crime of violence? And as explained in our reply, my colleague and I actually agree on a lot of the issues and how the analysis should go. Our dispute is solely whether the guidelines definition of forcible sex offense incorporates the definition of sexual act from section 2246-2. Our argument is that it plainly does. And for a couple reasons, but I think that the headline argument is that our interpretation avoids the absurd results of the government's interpretation. Under the government's construction of the definition, it would assume that the Sentencing Commission intended to create an entire category of offenses that are only violent if the offender chooses not to target a child. And we're under plain error. That's correct. Yes, this is under plain error. And I'm happy to answer any questions about plain error. I will skip ahead a little bit. The main reason I think this is plain is there is no case cited by other parties that specifically discusses this issue. It is a blank slate. All the government's cases involve a prior definition from 2008. A couple of cases are older than that. None of them construe a definition of forcible sex offense that includes the current sentence at the end of the definition now, which cites an illustrative example. The previous versions of the definition only said it can be forcible sex offense or statutory rapes like child sexual abuse. They didn't include any sort of citation to other offenses to provide elements or examples of what would be involved in determining whether a sexual act applies. As you know, Mr. Roy, the government is wanting to somewhat cabin 2241C, 2246 to only dealing with minors. Right. And so why do, when we're looking at this sentence structure, just for being able to interpret that sentence, how are we able to, or how are you reading it? I want to make sure that I appreciate how that's reading to include consent to the conduct is not given to the first part of that sentence. Sure. And there's two textual canons we're relying on. One is the absurd results canon. And I think Williams's court's opinion, and Williams is a good example on that, if Illinois's aggravated sexual abuse statute had just struck the requirement of age of the victim, it would qualify as a crime of violence under the government's definition. But because it included a minor victim, it does not. The other canon would be the negative implication canon, and that its citation is an illustrative example of what type of thing the court should look at when determining whether it's a forcible sex offense. That is how courts have always construed forcible sex offense. Cases the government cites, Contreras, Romero-Hernandez, those are old versions of the definition. But in those cases, the court says, we can look at statutory rape as an illustrative example. That lets us know what type of thing the commission was talking about when they said forcible sex offense. What do we do, though, with the sentencing commissions in 2008 and again in 2016? We're wanting to broaden this language in their commentary. Sure. I mean, there's no doubt that in the 2008 amendment, the commission explicitly wanted to, I mean, maybe abrogate is the wrong word for the commission, but abrogate some of the circuit cases that were saying things like rape by coercion or blackmail couldn't be a forcible sex offense. But I don't read that as saying that every single offense without consent is a forcible sex offense. And I think one big clue of that is the 2008 version still felt the need to cite statutory rape, child sex abuse against a minor. If the commission had thought that the language they added about consent automatically encompassed every sex offense without consent, it would have had no reason to explicitly add statutory rape separately. That suggests that the commission still thought that there were additional sex offenses that weren't automatically included by the language they added in 2008, which is the same language that they have now. Troy, let me just raise a more general concern here about plain error review here. And that is, as you know, the categorical method can get pretty far away from reality and the purposes of sentencing. And if this issue had been raised with the district judge, she would have been able to tell us whether she even cared what the answer to this question was. It would be perfectly rational for a district judge to say, I don't care. I've got reliable evidence about what Mr. Doss did in this prior conviction, and it's bad enough that I think it's appropriate to apply the aggravation circumstance here. Why do you think we should assume, which you seem to argue we must on plain error review, that it would have made a difference to the district judge when she never had the chance to tell us? I've got a couple answers to that question, Judge Hamlet. First of all, the government has conceded prongs three and four of plain error. And your question seems to go towards prong three, whether it would have affected his substantial rights. In addition, the same could be said about... Sorry, how did the government concede that? I wasn't focused on that in the briefing. Let me find the exact page site. It's on, I believe, footnote two on page five of the government's brief. The government agrees that if the error is plain, prongs three and four are also satisfied. And maybe the government can clarify more when they're up. But that was my reading of it. In addition, the same could be said about literally any guideline error. Any guideline error, if brought up before the district judge, would give the district judge an opportunity to say it's harmless, right? Exactly. However, in most guideline cases, as long as there's an error and it's plain, prongs three and four just fall into place after the Supreme Court's decisions and Molina-Martinez and Rosales-Morales. And my other question about plain error review here is, if you say we're writing on a blank slate, how is it plain? Well, this court has found plain error in the past on a blank slate. Hyatt is a good example. Also, I think as much consternation as the categorical approach causes, and as much technical complexity as it brings to cases, it- Your chart was impressive. I had been sitting on the chart for a while. I was very excited to finally have a chance to read it. We're glad you used it. We liked it. Unfortunately, it didn't matter much because the government agreed with almost everything we said about the chart. You still included the chart. But I think the whole point I wanted to make with the chart is that technically complex, yes, but it's like a calculus problem. In a sense, categorical approach errors are especially amenable to plain error because you are literally filing a flowchart. It maybe doesn't reflect reality. We're not even talking about what Doss actually did in his underlying case, but it does show that there's a set of steps. In most cases, it should result in an indisputable answer without any debate between the parties. So I'm still struggling with the textual basis in this definition of forcible sex offense for extending the 2241C and 2246 definitions into the broad first sentence. Sure. I mean, like I just said, I think it's the negative implication canon. It's the drafting history, the fact that courts had previously been using the examples following the parenthetical about consent as illustrative examples. And then if we assume, like the government does, that the second sentence of the definition does not apply outside of statutory rape and child sex abuse, it leaves us with essentially no definition of what a forcible sex offense is. So the negative implication canon, what's the second principle that you're leaning on of how the government, I'm sorry, how the court has reviewed what in the past? Oh, the other courts in the past have, I guess, followed the negative implication canon to look at those examples as illustrative, and then that ties into the drafting history. And then when we're arguing about absurd results, I want to be clear, I'm not trying to raise that as a policy argument, although I do like the policy implications of my argument there. That is its own separate textual analysis canon. What's wrong with a definition focusing on that first sentence that just says, if you've got a battery carried out with the mens rea of gratifying sexual interests, that's enough? I think part of the problem is, how are we defining battery in that sentence? Presumably it's in a way that's not following under, or sorry, following under the elements clause, because if it's traditional battery, something where there's force use, that would automatically be a crime of violence. I'm going there. I'm sticking with the enumerated offenses as defined by the commission with that first sentence. Since this is not a case of sexual abuse of a minor or statutory rape. So I guess the reading that you're suggesting based off the government's argument too would be that any sex offense that involves a lack of consent is necessarily forcible. I think the problem with that is literally every sex offense that involves a victim has to have a lack of consent or a lack of valid legal consent. Otherwise, it's just consensual sexual activity. The outliers where there wouldn't be a lack of consent would be things like victimless crimes, maybe in decent exposure. It's not entirely clear to me, though. The question in front of us is whether sexual battery under the Indiana statute is a forcible sex offense. Correct. And so the voyeurism and exposure points don't seem relevant there. Well, they do, because we still need a definition of what sexual offense means. Even setting aside the word forcible, is it just having a mens rea that makes it a sexual offense, or is it a specific action? States vary wildly in how they define even classic sexual offenses like rape or sexual assault. They vary wildly in how they define sexual penetration. Illinois, depending on how it's charged, might define sexual penetration as not requiring penetration, or it might define it as requiring literal penetration. There is an entire universe of ways that these sex offenses are defined. So there's two problems with just assuming, as the government does, that anything without consent is a forcible sex offense. First, we don't know what sex offense means. The government's examples of sexual intent or sexual act just provide different undefined terms. Again, we don't know what they mean. Different states define them differently. And then it's not clear how we're going to differentiate. Go back. Battery for sexual gratification. Right? What's wrong with that? As sufficient. I'm not saying it's a complete definition, but sufficient to decide this case? I would say it's not sufficient to decide this case because we're still not clear on what type of sexual act qualifies as a sexual offense in the first place. I think a good example would be, say, a state-defined sexual battery to be... Like, traditional battery can be any touch that's offensive. It doesn't have to be forceful, even. If it's a touch that is offensive and you prove that they had the men's right of sexual intent, maybe you offensively touch someone on the head or on the shoulder, but you have a mental purpose of sexual gratification. I'm honestly not sure why that would be a forcible sex offense. The issue is what type of touching, what type of battery qualifies as a sexual act or not. Right? Not, like, if it's just battery in that somebody... I guess someone batters a romantic rival. It's a bar fight. Someone attacks someone because they're hitting on their partner. That is battery with a sexual intent, in a sense. But is it a sexual act? How does that satisfy the Indiana statute? Would intent to arouse or satisfy the person's own sexual desires or those of another person? I don't see it. Okay. Thank you.  Thank you. May it please the court. Good morning, Your Honors. Eli Temkin for the United States. The district court did not plainly err in counting Mr. Doss's Indiana sexual battery conviction as a forcible sex offense and a crime of violence under the federal sentencing guidelines. His offense qualifies under the plain text of the guideline. No court has adopted his argument and the plain text reading is not absurd. It's useful to talk about this in two steps. First is, just as a baseline, whether his Indiana sexual battery offense would qualify as a forcible sex offense just under the plain language of what a forcible sex offense means. Second is his argument that the second sentence of the forcible sex offense definition changes that. As an initial point, everyone here agrees that Mr. Doss forfeited this argument, so this court's review is limited to plain error and the district court was not derelict in failing to catch this. The Indiana statute at issue defines sexual battery as if the perpetrator, with the intent to arouse or satisfy a sexual desire, touches another person's genitals, pubic area, buttocks, or female breast while the victim is unaware. So, on the first question of whether just on its face this is a forcible sex offense, it is. This is in the heartland of what qualifies as a forcible sex offense, as Judge Hamilton pointed out. First, it's forcible. The guideline defines what that means, that it includes offenses where there's a lack of valid consent, as with this one. Then whether it's a sex offense, the guideline doesn't explicitly define that, but numerous federal courts of appeals have construed that language, and they construe it broadly. They say that's what the Sentencing Commission directed courts to do. It's just the kind of interpretive tasks that this court and other courts go through all the time. So, the representation that I'm hearing from the government is that forcible does not always mean physical. Forcible means through lack of consent or lack of valid consent, as defined. Just pulling Mr. Roy's thread a little bit, the representation is that, really, then if that's the notion, lacking consent, what sex offense would not count as forcible? There's some on the margins that you could think of. Incest, for example, states that still have adultery offenses, indecent exposure, prostitution potentially, and there are cases that talk about these. Those could present some tough questions if you're trying to define the outer boundaries of what qualifies as a sex offense. Here, this is sexual battery, and courts consistently hold that sexual battery is a forcible sex offense. Excuse me. And with the hypothetically more challenging offenses, there's also the requirement to qualify under the federal guideline that it be a felony. So, not all of those state offenses would qualify. The cases that we've cited in our brief are construing the language forcible sex offense. That was the same language under previous versions of 4B1.2 and where most of those cases come up under 2L1.2. That language is the same, and so those cases are still instructive in saying what forcible sex offense means, and the definitions that courts come up with, looking to dictionaries, looking to the plain, ordinary, and contemporary meaning, are still useful. In your view, Mr. Temkin, why is the defense wrong in saying this would produce an absurd result, treating crimes against children as less serious than crimes against adults? Yes, Your Honor. It does not treat offenses that happen to have a child victim, just based on the circumstances, less seriously. Age is not an element in this particular charge. Excuse me? Age is not an element of Mr. Doss's prior charge. Correct. What the guideline definition does is it expands, takes an expansive view of what could qualify as a forcible sex offense, and for these two specific offenses, it expands it, but with a limitation, and that's how everyone feels about it as a policy matter. That's a sensible, you could understand why the commission would do that. Statutory rape and sexual abuse of a minor are extremely broad offenses that are strict liability offenses, where the lack of consent is established purely by the victim's age, and there are states that have extremely broad statutory rape offenses. For example, in the Esquivel case, the Supreme Court decided, I believe in 2017, it talks about a California law that would criminalize, that does criminalize a sexual relationship between a 21-year-old and someone who's almost 17. The Sentencing Commission said that's not a forcible sex offense. This is operating under the categorical approach, and so there are going to be anomalies, but this is about the elements of the offense of conviction, and so in that sense, charging decisions matter. If there's an offense that happens to be against a child victim, but also take Mr. Doss's sexual battery here, where he raped a woman, if he had raped a child, that's still rape. That's not just statutory rape, and so that would qualify as a forcible sex offense, even though, if charged that way and convicted that way, even though the victim is a minor. Beyond that, the text of the guideline is clear that it is imposing this 2241C requirement only for the two offenses of statutory rape and sexual abuse of a minor. If the Sentencing Commission had wanted to extend that to all forcible sex offenses, this was an awfully strange way to do it by saying that it applies only for these two offenses. Sure, there could be some hard cases on the margins, things like voyeurism, public indecency, but the definition, but those hard cases don't require going to this most restrictive definition. If the court feels the need to come up with some more definite approach, there are ways to do that, as any number of other courts have done. For example, the Fourth Circuit in the Alfaro case. Even if the court wants to set out a more precise definition, or even a more restrictive definition, it doesn't need to do that by immediately jumping to this more restrictive version of a sexual act under federal law. The guideline just doesn't instruct courts to do that. So to that point, to the point about the argument of absurd results, the government is not saying that an offense against a child victim is treated more leniently. We make that clear on page 23 of our brief. If Mr. Doss' victim here had been a child, the outcome would be the exact same, and this would be a forcible sex offense. Finally, the Sentencing Commission added the current definition in the second sentence to 4B1.2 in 2016. That's the operative definition, and that's different from the 2008 definition for 2L1.2. When the Sentencing Commission added this definition, it, again, imposed this 2241C requirement only for statutory rape and sexual abuse of a minor. The Sentencing Commission did that against the backdrop of all these 2.1.2 cases, construing the phrase forcible sex offense broadly to include any sexual offense against a person. The Sentencing Commission just did not impose this limitation. Regardless, this case, this Indiana sexual battery offense, is in the heartland of what the Sentencing Commission deemed to be a forcible sex offense. For those reasons, the government asks this court to affirm. Thank you, counsel. Thank you. All right. We did speak into your order. Mr. Roy, we'll give you two minutes. Thank you, Judge. We're still asking questions. Go right ahead. There's just a couple of points I want to address briefly. The first is the government cites sort of sex offenses at the margins that it says would count as sex offenses but not forcible, like incest or adultery. Those are very similar to the sodomy laws that were struck down in Lawrence. We did not do a survey of the state of law nationwide or the debate, but a logical extension of Lawrence would be that some states would have been striking down their adultery laws. I don't know what the status is now, but I don't think that is a good example of why we can say there would be sex offenses that don't rely on a lack of consent but still have a victim. The other thing I want to say is that if this case comes down to standard of review, and I recognize that plain error is a steep hurdle, I would ask this court to not skip prong one in the plain error analysis for two reasons. First, it helps the development of law in the circuit if the court first determines whether there was an error before determining whether that error was plain. But also, for Mr. Doss personally, conducting the prong one analysis does help sort of clarify the question of plainness. It's easy to look at a stack of briefs and say, well, there's a lot of debate on the  If there's so much debate, it can't be plain. But actually going through and doing the analysis, determining whether an error happened in the first place, helps demonstrate where the actual evidence, where the case law, where the authority points, and that can help the court determine whether the question is plain or not. Unless the panel has any specific questions, I will see the rest of my time. Thank you. Thank you. Thank you, Counsel. The case will be taken under advisement. We